ANDRÉ LATOUR ALLARD *v.* LOUIS ALLARD and another.

An agent authorized to sell, cannot sell to himself.

The law raises no presumption of fraud from the fact that the vendor and vendee were brothers-in-law.

In an action to rescind a sale made by an agent, whose power to sell is conceded, the manner in which he disposed of the proceeds, whether in payment of the debt due to himself, or not, is a question not before the court.

Where an agent acts within the scope of his authority, his acts are valid, without showing any ratification on the part of his principal.

APPEAL from the District Court of the First District, *Buchanan*, J.

*C. Janin*, *De Courmont* and *Roselius*, for the appellant.

*Labarre* and *Mazureau*, for the defendants.

BULLARD, J. André Latour Allard represents in his petition, that being proprietor, jointly with Louis Allard and Louise Allard his brother and sister, each for one-third, of a plantation on the Bayou St. John, containing fourteen *arpens* front, by the depth of forty, and being about to make a voyage, about the month of May, 1825, he appointed his said brother his attorney in fact, and charged him with the administration of his affairs. That, during his temporary residence in France, his said agent sold to his partner Jean François Robert, his undivided third, for ten thousand dollars, by act before a notary bearing date the 17th of February, 1829, and, on the 8th of April of the same year, purchased back again from Robert one-half of the said third of the plantation. He alleges the nullity of the two contracts aforesaid, on the grounds: 1st. That a mandatary cannot purchase the property which he administers; and that the sale to Robert was in fact a sale to himself, Robert being merely a person interposed, in order to disguise the real character of the transaction; and that, moreover, he has never received the price. 2d. Because these sales were made to enable Louis Allard and Robert to mortgage the whole plantation to the Consolidated Association, to secure their shares of the stock, they having represented themselves as the sole proprietors, and having had the same appraised by said Bank; thus appropriating to their private use and benefit his property. 3d. Be-

cause the said sales do not carry with them the essential requisites of all contracts, the said Louis Allard being, at the same time, vendor and purchaser.

The petitioner further represents, that Louis Allard and his partner, Robert, mortgaged to the said Bank the whole plantation for one hundred and ten shares of its capital stock, and that he is entitled to one-third of said shares.

He further represents, that the said Louis Allard and Robert, jointly with Madame Robert, sold to Merle & Soulé, one undivided half of said property for $104,000, on credit, whereby they became indebted to him for his portion of the price, to wit, $34,666 66. That the said Louis Allard and Robert have received the revenues of said property, amounting to about $20,000. That Robert has departed this life, and that his succession is represented by his widow, Louise Allard, as curatrix; and that they are now in possession of said property.

He concludes by praying that Louis Allard, and his sister the widow of Robert, both in her own right and as curatrix of the estate of Robert, may be cited, aud that the acts of sale may be declared null; that they may be condemned to deliver to him the sixth of said plantation, and to transfer his portion of the Bank shares, as well as the two hundred and fifty shares of the capital stock of the Citizens Bank, also secured by mortgage on the same property; that they be condemned also to pay; 1st, the sum of $34,666 66, received from Soulé & Merle; 2d, the sum of $19,815, for fruits and revenues, and the costs of suit.

The defendant, the widow of Robert, answered by the general denial; and Louis Allard admits that he was appointed the agent of the plaintiff, and alleges that he has managed his affairs faithfully, and with good intentions, and that so far from owing the plaintiff any thing, the plaintiff is, on the contrary, indebted to him forty thousand dollars, for which he prays judgment in reconvention.

There was judgment of nonsuit against the plaintiff, and he has appealed.

On the trial the following facts, in substance, were established. That the plaintiff was the owner of one-third of the plantation

described in his petition, in common with his brother Louis Allard, and his sister Madame Robert. That he was indebted to his brother upwards of ten thousand dollars, which was running on interest at ten per cent. That the plaintiff left here in May, 1825, having given his brother full power to administer for him, and to sell. His power to sell the land is not contested. That the plaintiff did not return until 1832, and that, in 1829, about four years after the plaintiff's departure, Louis Allard sold the third belonging to his brother, to Robert his brother-in-law, for $10,000, and, in a few months afterwards, bought back one undivided half of the third thus sold. That afterwards they united in mortgaging the whole to the Consolidated Association, and to the Citizens Bank. It further appears that, at the time of the plaintiff's departure, his third part of the land was mortgaged to secure the payment of the following sums : 1st, to the heirs of Galez, one-third of $7675 ; 2d, to Louis Allard, $5162 ; 3d, to Antoine Abat, $4000.

In this court the argument has turned mainly upon the incapacity of Louis Allard to purchase ; his right to sell to any person capable of purchasing not being disputed. The power of attorney gives express authority to sell. There can be no doubt that an agent to sell cannot sell to himself. Nor is it shown that he did so, unless we are compelled to regard Robert as a person interposed and identified with the vendor. The question, therefore, resolves itself into this—does the evidence show that Robert acquired merely for Allard, or, in other words, was he acting in collusion with the agent of the plaintiff? In support of this assumption it is argued, in the first place, that they were brothers-in law ; next, that they were partners ; and then, that shortly afterwards, Robert retroceded to Allard one-half of his purchase ; and these are the principal presumptions against the contract. On the other hand, it is not pretended that the price was inadequate. It is shown, that André Latour Allard was largely indebted to his brother, who might have caused the property to be sold by the Sheriff at two-thirds of its appraised value, especially after so protracted an absence, during which no effort appears to have been made by the absentee to pay his debts. And again, that although Robert had married the sister of the Allards, and she was their

co-proprietor of the plantation, nothing shows that he had been the partner of Louis Allard previous to the purchase; and further, that although he afterwards ceded to his brother-in-law one-half of his purchase, he remained, up to the time of his death, the owner of the other half. That Robert had the legal capacity to purchase, cannot be doubted; and the law raises no presumption of collusion, or fraud, or simulation, from their family connection. To all this may be added the fact, that although the plaintiff returned from France, in 1832, after an absence of about seven years, he did not institute this action until the spring of 1840, and so far as the record shows, has never had any settlement with his brother, and has never been called on by him for the payment of this heavy debt. The sale appears to have liberated him from those debts; and when it is considered, that he owned no part of the slaves, by whose labor the land might have been rendered productive; and that his agent, from 1825, to 1829, was in the receipt of no revenues of his constituent to meet even the payment of the interest accumulating on his debts, and that the price for which the land was sold, was a fair one, the plaintiff cannot reasonably complain that the power confided to his brother was indiscreetly exercised.

But it is contended, that an agent to sell under a general power, cannot legally sell the real property of his principal, for the purpose of paying a debt due to himself. To this it may be answered, that the power to sell being conceded, the manner in which the agent disposed of the proceeds forms a question of a different nature from that presented in this case. The only question now before us, according to the pleadings, is, whether the parties to the contracts in dispute were capable of contracting and did contract, or whether the whole was a fraud, or a simulation.

It is further argued, that no ratification is shown, and that it was incumbent on the defence to show such ratification, in order to make out a good title. But we are of opinion, that when an agent acts within the scope of his authority, his acts are valid, without showing any ratification on the part of his principal.

Upon the whole, we concur with the District Court in the opinion, that the plaintiff has failed to make out his case.

*Judgment affirmed.*